45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Myron DEWBERRY, Plaintiff-Appellant,
v.
The CITY OF BAKERSFIELD; Daniel Stevenson; Lyle Martin,
Defendants-Appellees,
 No. 93-16456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1994.
Decided Jan. 3, 1995.
 
 1
 Before: ALARCON, HALL, Circuit Judges, and KING,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Myron Dewberry appeals from the order granting the defendants' motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure in this section 1983 civil rights action.
 
 
 4
 Dewberry contends that the district court erred in granting defendants' motion for judgment as a matter of law because he had not had a full opportunity to demonstrate that the individual defendants used excessive force in effecting his arrest, and to present evidence to the jury that the City of Bakersfield's ("the City") policy concerning the use of dogs to apprehend a fleeing suspect was unconstitutional. We vacate the order granting judgment as a matter of law on the excessive force claim because the district court denied the plaintiff the right to be fully heard with respect to these issues. We also vacate the order granting judgment as a matter of law on the question whether the alleged denial of timely medical care violated Dewberry's constitutional rights for the same reason. We decline to reach the merits of Dewberry's remaining contentions because the facts have not been fully developed, and the adverse rulings can still be set aside by the district court prior to the entry of a final judgment following remand.
 
 
 5
 * A detailed review of the procedure followed in this matter is necessary to resolve the question whether Dewberry was fully heard during the trial by jury concerning the evidentiary basis for his alleged claims of excessive force and the unconstitutionality of the City's canine policy. We begin with the district court's December 4, 1992 pretrial order.
 
 
 6
 The list of disputed issues of fact includes the following:
 
 
 7
 Whether legally excessive force was used upon plaintiff by the Bakersfield Police officers and a police dog on May 16, 1990.
 
 
 8
 Whether plaintiff was adequately warned or warned at all prior to being attacked by a police dog on May 16, 1990.
 
 
 9
 Whether the police service dog who (sic) bit plaintiff, was properly trained and controlled.
 
 
 10
 Whether Bakersfield Police officer dog handlers including Officer Daniel Stevenson was (sic) properly trained, supervised and controlled in connection with handling police dogs and using force upon persons.
 
 
 11
 Whether the Bakersfield Police Department had a proper and adequate dog training and control program.
 
 
 12
 Whether Bakersfield Police officers including Daniel Stevenson were adequately instructed as to the permissible use of force when using dogs.
 
 
 13
 Whether the City of Bakersfield and its police department had a proper custom and policy in effect on May 16, 1990, as to circumstances when dogs could be used to injure and apprehend persons and whether the police department adequately communicated such custom and policy to officers including Officer Stevenson.
 
 
 14
 When, by whom, and how many times, if at all, plaintiff was told to surrender, stop, or similar words before he was attacked by the police dog.
 
 
 15
 Whether Officer Stevenson told the police dog to stop biting plaintiff while the police dog was then and there biting plaintiff.
 
 
 16
 Whether the activities of the Bakersfield Police officers were done pursuant to and in conformity with the customs and policies of the City of Bakersfield and its police department.
 
 
 17
 On September 21, 1992, Dewberry filed a motion for partial summary judgment. Dewberry sought summary judgment, inter alia, on the following issues:
 
 
 18
 The use of defendant Officer Stevenson's police dog to apprehend plaintiff by biting him was in violation of the California Constitution;
 
 
 19
 The use of defendant Officer Stevenson's police dog to apprehend plaintiff by biting him was in violation of the United States Constitution.
 
 
 20
 If plaintiff's detention and the use of force associated therewith occurred consistently with the defense scenario, such detention and associated use of force was consistent with, and a proximate result of, the Monell custom/policy of the City of Bakersfield and its police department.
 
 
 21
 The defendants filed a cross-motion for summary judgment. They sought summary judgment on the question whether the detention of Dewberry was lawful under the California Constitution and the United States Constitution.
 
 
 22
 Of significance to Dewberry's challenge to the motion for judgment as a matter of law in this appeal is the fact that the defendants argued in the district court that "whether or not reasonable force was used to detain could not be resolved on summary judgment by reason of conflicting testimony." Memorandum Opinion Re Defendant's Motion for Partial Summary Judgment at page 2.
 
 
 23
 On November 23, 1992, the district court denied Dewberry's motion for partial summary judgment, "[b]ecause of continuing factual disputes." The court granted partial summary judgment for the defendants on the issue regarding whether plaintiff's detention was a lawful Terry stop under federal law.
 
 
 24
 In their final pretrial statement, submitted on January 13, 1993, the defendants requested that the issue of qualified immunity be presented to the jury before the trial of Dewberry's claims that the officers used excessive force. The City also requested that the question of its municipal liability be severed from the claims against officers Stevenson and Martin. The City argued as follows:
 
 
 25
 [I]t will be necessary for plaintiff to prove, if he can, that because of a widespread, pervasive, etc., pattern of conduct, the City of Bakersfield has a de facto policy of excessive force. The proof of this policy will necessarily involve an extended evidentiary presentation related to other instances of excessive force by other officers who are not parties to this action.
 
 
 26
 However, such an evidentiary presentation in the midst of the case against officers Stevenson and Martin will be unduly and unfairly prejudicial to their case....
 
 
 27
 Thus, evidence related to other evidence related to other incidents is not admissible in plaintiff's case in chief against Officers Stevenson and Martin and hence Plaintiff's Monell claim must be severed from his claim against these individual officers.
 
 
 28
 (emphasis added).
 
 
 29
 In his response to the Defendant's Final Pretrial Statement, Dewberry agreed that the factual question whether he fled from the officers, after his collision with Officer Martin, instead of stepping back and surrendering, should be bifurcated from the question whether excessive force was used in detaining him. Dewberry argued, however, that the Monell claim against the City of Bakersfield should not be severed from the excessive force claim against the individual officers. Dewberry conceded that if the jury were to find that he turned and ran away, the officers would be entitled to qualified immunity.
 
 
 30
 On January 19, 1993, the district court denied the defendants' motion for a severance of the trial against the City and initially rejected the defendants' request that the trial be bifurcated to permit the jury to determine whether Dewberry immediately surrendered, or ran away, before he was bitten by the dog. The defendants argued in support of their motion that,
 
 
 31
 if the jury concludes that Mr. Dewberry did not run, that he surrendered, well then I think it's clear that not only would qualified immunity not attach, but a subject who has submitted to custody, there is no
 
 
 32
 The jury was not instructed on the issues of custom and policy, the use of excessive force, or any theory of liability. The court declared a mistrial after the jury indicated that they were hopelessly deadlocked.
 
 
 33
 At the second trial, the court again bifurcated the disputed factual issues to be heard by the jury. In his opening statement, Dewberry's counsel summarized the narrow question the jury would be called upon to decide as follows: "The issue that you are going to be dealing with is very pinpointed and very clear. It is simply: Was he surrendering or did he turn and run. That's what you will be asked to decide."
 
 
 34
 No evidence was presented to the jury concerning the City of Bakersfield's policy and custom regarding the use of canines to stop a fleeing suspect. The following portion of the trial transcript amply demonstrates that the district court refused to permit such evidence to be presented in this phase of the trial.
 
 Question by Mr. Webb, Dewberry's counsel:
 
 35
 And at that time it was the policy of the police department where there were canine arrests when the dog had bitten somebody to take pictures in all the cases; isn't that right?
 
 Mr. Porr, counsel for the defendants:
 
 36
 "Objection, your honor. Policy is not in issue."
 
 The Court:
 
 37
 "Objection is sustained."
 
 
 38
 (emphasis added).
 
 
 39
 After discussion with counsel, the district court rephrased the questions the jurors would be required to answer in the special verdict form. Counsel for the defendants then made the following comment: "At least if the jury comes back with a finding that Mr. Dewberry did not turn and run away, that should resolve the issue of the constitutionally excessive force." (emphasis added). The district court replied: "Yes."
 
 
 40
 The jury was instructed to answer "yes" or "no" to two questions:
 
 
 41
 After colliding with Defendant Lyle Martin on the evening of May 16th, 1990, did Plaintiff Myron Dewberry turn and run away in spite of Officer Martin's command to stop?
 
 
 42
 After colliding with Defendant Lyle Martin on the evening of May 16th, 1990, did Myron Dewberry try to stop in compliance with Defendant Martin's command to stop?
 
 
 43
 The jury answered "yes" to the first question, and "no" to the second. After receiving the special verdict, the district court advised the jury that their services were concluded and that they were released from the admonition not to talk about the case.
 
 
 44
 Dewberry's counsel asked for permission to approach the bench. The court agreed and asked the jurors to remain. In proceedings at side bar, Dewberry's counsel asked the court whether the second phase of the trial would be heard by a different jury. The court then stated as follows:
 
 
 45
 Well, as I had understood, for the findings in this case, if the jury found, as it did, that there was a noncompliance which would have given the officers the right to, under the circumstances, apprehend him, what is left to try?
 
 
 46
 Dewberry's counsel replied that the question of the legality of the detention under state law had not been resolved, and the factual issue whether excessive force had been used under federal and state law had not been presented to the jury. The district court then ruled that the detention was reasonable under state law. After hearing argument on the issue of excessive force, the court stated: "It seems to me that based on the statement of the plaintiff, that judgment as a matter of law ought to be entered in favor the individual officers." Dewberry's counsel explained that his concession that judgment should be entered in favor of the individual defendants, if the jury found that Dewberry had fled, referred solely to the issue of qualified immunity.
 
 
 47
 The district court then stated that reasonableness of the force used by an officer is "not a jury issue" under the applicable Supreme Court standards. The district court found that the officers' conduct was objectively reasonable based on the facts found true by the jury. The court next stated: "I haven't heard a motion." Mr. Porr, counsel for the defendants, then moved for a judgment in favor of his clients.
 
 
 48
 Dewberry's counsel objected to the granting of the motion on the ground his client was being denied the right to a jury trial on the issue of the use of excessive force. The court granted the motion for judgment as a matter of law in favor of the individual defendants and the City. The district court ruled that no "reasonable triers of fact could find, under the circumstances, that the use of the dog under the facts of this case was a violation of the Fourth Amendment."
 
 II
 
 49
 The question whether the use of force in effecting an arrest is unreasonable is generally a question of fact to be decided by a jury if one is requested. Scott v. Henrich, --- F.3d ---- No. 91-35429 slip op. 13417, 13422 (9th Cir. filed Nov. 2, 1994); Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir.1991) cert. denied, 112 S.Ct. 2995 (1992). In this matter, the parties and the court recognized that there were disputed issues of fact concerning the constitutionality of the force that was used at the time the pretrial order was prepared, in their cross-motions for partial summary judgment, and in the bifurcation of the factual issues to be tried, in order to resolve as expeditiously as possible, the question of the officers' right to qualified immunity.
 
 
 50
 The court's ruling that evidence of the City's canine policy was inadmissible at the trial on the narrow question regarding whether Dewberry fled from the officers effectively prevented Dewberry from presenting any evidence on this issue to the jury.
 
 
 51
 Rule 50(a)(1) of the Federal Rules of Civil Procedure provides as follows:
 
 
 52
 If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
 
 
 53
 The notes of the Advisory Committee on Rules instruct that Rule 50(a)(1) authorizes:
 
 
 54
 the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case. Such early action is appropriate when economy and expedition will be served. In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.
 
 
 55
 Fed.R.Civ.P. 50(a) advisory committee's note (emphasis added).
 
 
 56
 In this matter, under the bifurcation procedure adopted by the court over Dewberry's objection, Dewberry was specifically precluded from presenting any evidence to the jury on the question whether excessive force was used, or the policy and custom of the City concerning the training of dogs used to apprehend fleeing suspects. Thus, because Dewberry was not fully heard on these issues, defendants' Rule 50(a)(1) motion was improperly granted.
 
 
 57
 In Monteil v. City of Los Angeles, 2 F.3d 335 (9th Cir.1993), we reversed a judgment in favor of the City of Los Angeles dismissing an action pursuant to Rule 50(a)(1). In that matter, the district court excluded the Christopher Commission Report on police violence as untrustworthy. Id. at 341. We held that the district court erred in placing the burden on the proponent of a public record to demonstrate its trustworthiness. Id. We concluded that the "cursory denial" of the admission of the Christopher Commission's Report deprived the plaintiff of "the opportunity meaningfully to argue in support of the trustworthiness of the Christopher Commission Report." Id. at 341-42.
 
 
 58
 In this matter, the district court sustained an objection to evidence of the City's canine policy as not relevant to the first phase of the trial. Notwithstanding its decision that such evidence was inadmissible, the court concluded that Dewberry had not met his burden of showing that the force used was unreasonable. The district court's ruling that Dewberry would not be permitted to present evidence that the conduct of the individual officers was unreasonable, notwithstanding their right to qualified immunity, and that the canine policy of the City of Bakersfield violated constitutional standards, denied Dewberry a meaningful opportunity to persuade the district court that a reasonable jury would find in his favor on these questions. Accordingly, the entry of a judgment as a matter of law was contrary to the requirements of Rule 50(a)(1).
 
 III
 
 59
 The district court sua sponte ordered the entry of judgment as a matter of law on the question whether the alleged denial of timely medical care violated Dewberry's constitutional rights. No evidence was presented to the jury on the lack of timely medical care at the trial of the question whether Dewberry fled from the police. For the reasons discussed above, a judgment on Rule 50(a)(1) was contrary to the right of a party to be fully heard with respect to a factual issue.
 
 
 60
 Because the judgment as matter of law was issued prematurely, we express no view as to the correctness of the interlocutory rulings of the district court on the lawfulness of the detention under federal and state law. See Fed.R.Civ.P. 54(b) (an order is subject to revision at any time before the entry of final judgment).
 
 
 61
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3